IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY SHREY, :
JANETE SHREY, :
    Plaintiffs :
:
    vs. : CIVIL NO. 4:CV-10-1420
:
RAYMOND KONTZ III, :
    Defendant :

*M E M O R A N D U M*

*I.    Background*

    Plaintiffs, Randy and Janete Shrey, initiated this civil action on July 8, 2010, by filing a six-count complaint against defendant Raymond Kontz III. The complaint alleges Unlawful Seizure of Property pursuant to 42 U.S.C. §1983 (Count I), violation of Procedural Due Process pursuant to 42 U.S.C. §1983 (Count II), violation of Substantive Due Process pursuant to 42 U.S.C. §1983 (Count III), Invasion of Privacy (Count IV), Conversion (Count V) and an action for Replevin (Count VI).

    The action was initiated after Kontz confiscated more than 600 collectible Little League pins from plaintiffs. Apparently, Kontz is, or was, being investigated criminally for confiscating the pins, for on October 5, 2010, he filed a "Motion to Stay Proceedings Pending Resolution of the Criminal Investigation" along with a supporting brief. (Rec. Doc. Nos. 10 and 11). On October 20, 2010, plaintiffs filed an opposing brief. (Rec. Doc. No. 12). No reply brief was filed so the matter is ripe for disposition.

    For the following reasons we will deny the motion to stay.

*II.     Discussion:*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. Landis v. N. Am. Co., 299 U.S. 248, 254-255 (U.S. 1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id.

> In deciding whether to stay a civil case pending the resolution of a related criminal case, courts consider many factors, including: (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest.

In re Adelphia Communs. Secs. Litig., 2003 U.S. Dist. LEXIS 9736, 7-8, 2003 WL 22358819 (E.D. Pa. May 13, 2003) (Hutton, J.), citing Walsh Securities, Inc. v. Cristo Prop. Mgmt, Ltd., 7 F. Supp. 2d 523 (D.N.J. 1998).  We will consider each factor in turn.

### A. The extent to which the issues in the civil and criminal cases overlap.

This factor is the most important threshold issue in determining whether or not to grant defendant's motion. See State Farm Mut. Auto Ins. Co., 2002 U.S. Dist. LEXIS 17896, *4, 2002 WL 31111766 (E.D. Pa. September 18, 2002) (Hutton, J.)

Defendant argues that the criminal investigation and the allegations in the civil complaint overlap "completely."  Plaintiffs argue that the court should deny the stay as there has been no indictment filed against Kontz.  Because there is no indictment or criminal complaint, the court has no way to determine if there is overlap

2

between the civil and criminal cases. Plaintiffs' brief points out that defendant admits that he does not believe that an indictment will be issued at the conclusion of the criminal investigation. (Rec. Doc. No. 11 at 5). His concerns about the overlap between the civil case and criminal investigation and his desire not to waive his Fifth Amendment rights are unfounded according to his own admission.

Consequently, this factor weighs against granting the stay.

### B. The status of the criminal proceedings, including whether any defendants have been indicted.

> A court is most likely to grant a stay of civil proceedings where an indictment has been returned. The potential for self-incrimination is the greatest at this stage. Moreover, because the Speedy Trial Act requires the swift resolution of criminal trials, the burdens of delay on the civil litigant is lessened. Conversely, because the risk of self-incrimination is reduced at the pre-indictment stage, and because of the uncertainty surrounding when, if ever, indictments will be issued, as well as the effect of the delay on the civil trial, pre-indictment requests for a stay are typically denied. When a defendant filing a motion to stay has not been indicted, the motion may be denied on that ground alone.

Beckham-Easley, 2002 U.S. Dist. LEXIS at 5-6 (internal citations omitted).

Because Kontz has not been indicted, nor does he believe he will be indicted, this factor also weighs against granting the requested stay.

### C. The plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay.

Plaintiffs argue that they will be harmed because they will not have the benefit of a quick resolution. While this is true, and the court understands the importance of a resolution to plaintiffs, this is not a case where plaintiff has significant interests outstanding that need an immediate resolution, this is an instance where the court could stay the proceedings with little prejudice to plaintiff.

3

Thus, this factor weighs in favor of the stay.

D. The burden on the defendants.

Defendant asserts that he will have to choose between asserting or waiving his Fifth Amendment privilege. While this may be true if defendant is charged criminally in state court, defendant has not been charged nor does he believe that he will be. "The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned." Walsh Sec. v. Cristo Prop. Mgmt., 7 F. Supp. 2d 523, 527 (D.N.J. 1998) (internal citations omitted). "The potential for self-incrimination is greatest during this stage, and the potential harm to civil litigants arising from delaying them is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act." Id.

Thus, this factor weighs against granting the stay.

*E and F. The interests of the court/The public interest.*

The court and public have an interest in the efficient resolution of cases. The court has no idea how long it will take for the case to be closed in the Lycoming County District Attorney's Office. There is simply no point to stay the proceedings to await an event that may not occur.

These factors weigh against granting the stay.

*III    Conclusion:*

Because five of the six factors weigh against granting a stay, defendant's motion for a stay will be denied.

                                                          /s/William W. Caldwell
                                                          William W. Caldwell
                                                          United States District Judge

Date:   January 10, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY SHREY, :
JANETE SHREY, :
    Plaintiffs :
     :
    vs.                     CIVIL NO. 4:CV-10-1420
     :
RAYMOND KONTZ III, :
    Defendant :

*O R D E R*

AND NOW, this 10th day of January, 2011, it is Ordered that Defendant's motion for a stay of this case (doc. 10) is denied.

                                 /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge