IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY SHREY, | : |
| JANETE SHREY, | : |
|     Plaintiffs | : |
| | : |
| v. | : CIVIL NO. 4:10-CV-1420 |
| | : |
| RAYMOND KONTZ III, | : |
|     Defendant | : |

*M E M O R A N D U M*

*I.        Introduction*

We are considering a motion for summary judgment filed by the defendant, Raymond Kontz, III.  This matter relates to the investigation and confiscation of pins owned by the plaintiffs that contained logos resembling those of the Williamsport Bureau of Police and the Little League World Series.  Defendant argues that there are no issues of material fact and no reasonable jury could find in favor of the plaintiffs.

We will examine the motion under the well-established standard.  *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d. Cir. 2008).  After careful review of the briefs and the record, we will deny the motion in part and grant it in part.

*II.       Background*

This case relates to the allegedly illegal confiscation of plaintiffs' pins by defendant.  The Director of Security at Little League International, James Ferguson, made a complaint to the Williamsport Police Department about pins he found for sale on the website eBay that resembled the logos of the Williamsport Police Department and

Little League World Series.  (doc. 31, ¶ 1.)  The exact nature of his complaint is in dispute.  Ferguson testified at his deposition that he was concerned about the use of the Williamsport Police logo being used by individuals seeking entrance into the Little League World Series.  (doc. 31, exhibit A, pg. 5.)  Defendant, Raymond Kontz ("Captain Kontz"), a member of the Williamsport Police Department, was assigned to the case. (doc. 31, ¶ 3.)  Captain Kontz found the pins on eBay and investigated whether the individual selling them was a Williamsport Police officer, in violation of the department's policy on the use of logos.  (doc. 31, ¶¶ 3-4.)  He created a "hot sheet" to send to officers on different shifts that contained an image of the pins and inquired whether anyone had information about them.  (doc. 31, ¶ 4.)  The hot sheet indicated that Little League International made a complaint about the use of the Little League logo without its permission.  (doc. 46, exhibit L.)

      Kontz contacted eBay to obtain information about the seller of the pins. (doc. 31, ¶ 5.)  In response, eBay identified Randy Shrey as the seller.  *Id.*  Defendant discussed the matter and potential criminal charges with Agent Steven Sorage of the Williamsport Police Department, telling him that Little League International had complained about the use of its logo.  (doc. 42, ¶ 7.)  Agent Sorage suggested that defendant contact Assistant District Attorney Ken Osokow for advice.  (doc. 31, ¶ 8.) Defendant called ADA Osokow and asked if any charges could be brought against Randy Shrey.  (doc. 31, ¶ 10.)  According to defendant, ADA Osokow identified two criminal statutes under which charges could be brought.  (doc. 31, ¶ 11.)  He also

suggested that defendant could confiscate the pins instead of making an arrest. *Id.* ADA Osokow does not have an independent recollection of being contacted by defendant. (doc. 42, ¶ 12.)

Defendant and Agent Sorage went to plaintiffs' residence and informed them that selling the pins was illegal. (doc. 31, ¶¶ 12, 14.) Defendant told plaintiffs that the investigation could be terminated if they turned the pins over to the police department. (doc. 31, ¶ 15). Plaintiffs agreed to turn over the pins, which defendant placed in a locked file cabinet in his office. (doc. 31, ¶¶ 15-16.) The pins remained there for approximately two years, until defendant turned them over to a detective investigating a complaint from the plaintiffs. (doc. 31, ¶ 19.) Plaintiffs commenced this action by filing a complaint on July 8, 2010, alleging violations of their Fourth and Fourteenth Amendment rights, as well as several state law claims.

III.     Discussion

   *A. Fourth Amendment Violation*

Defendant asserts that he had probable cause to confiscate the pins, relieving him of any Fourth Amendment violation. In determining whether he had probable cause, we must examine "whether at that moment the facts and circumstances within [his] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [plaintiff] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). The existence of probable cause is an issue of fact. *Groman v. Twp. of Manalapan,* 47 F.3d 628, 635 (3d

Cir. 1995)(citing *Deary v. Three Un-Named Police Officers*, 746 F.2d 185, 191 (3d Cir. 1984)). The Third Circuit has held that the question of probable cause in a § 1983 case is, generally, one for the jury. *Montgomery v. De Simone*, 159 F.3d 120, 124 (3d Cir.1998) (probable cause in a malicious prosecution claim); *Taylor v. City of Philadelphia*, 144 Fed. Appx. 240, 244 (3d Cir. 2005). However, summary judgment is appropriate on plaintiffs' Fourth Amendment claim if, taking all of their allegations as true and resolving all inferences in their favor, probable cause would be shown. *Montgomery*, 159 F.3d at 124; *Taylor*, 144 Fed. Appx. at 244.

The events leading up to the defendant's seizure of the property are in dispute and create a genuine issue of material fact. Specifically, there is conflicting evidence about what information James Ferguson gave the Williamsport Police when he notified them about the pins. The hot sheet created by defendant indicated "Our department has been contacted by Little League International about this pin as it is using the Little League logo without permission." (doc. 46, exhibit L.) This indicates that Ferguson was concerned about the use of the Little League logo. Defendant asked Agent Sorage for assistance in the matter, telling him that the unauthorized use of the Little League logo was the issue Ferguson complained about. (doc. 42, ¶ 7.) Ferguson, however, testified that he "contacted the Williamsport Police Department because [the pin] also had their logo on it." (doc. 31, exhibit A, pg. 5.) He was concerned "about pedophiles coming in with some kind of identification that would look like a badge to show a child." (doc. 31, exhibit A, pg. 6.) Ferguson's testimony suggests that he

contacted the Williamsport Police Department because he was concerned about the use of the police logo, not the use of the Little League logo.

Plaintiffs contend that defendant trumped up the complaint from Ferguson regarding the use of the Little League logo in order to obtain ADA Osokow's approval of charges against plaintiffs, violating plaintiffs' Fourth Amendment rights.  Plaintiffs' contention is supported by the discrepancy in the complaint made by Ferguson and what defendant described in his hot sheet and discussed with Sorage.  This creates a genuine issue of material fact, precluding summary judgment.  We will deny summary judgment on this issue.

*B. Procedural Due Process*

To bring a claim under § 1983 for a violation of due process, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"  *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (citing *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).  Processes that are available must be utilized by the plaintiff unless they are "unavailable or patently inadequate."  *Alvin*, 227 F.3d at 116.  "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants."  *Id.* (citations omitted).

Plaintiffs had adequate procedures to recover their pins. These included filing a motion for the return of their property under Pennsylvania Rule of Criminal Procedure 588 and state law claims of replevin and conversion. Other courts have found these procedures to meet the requirements of due process. *Marsh v. Ladd*, 2004 U.S. Dist. LEXIS 22195, at *6-7 (E.D. Pa. Oct. 27, 2004) (holding state law claims in replevin and conversion provided adequate due process); Guarrasi v. County of Bucks, 2011 U.S. Dist. LEXIS 33036, *37 (E.D. Pa. Mar. 28, 2011) ("Courts have consistently held that Pennsylvania Rule of Criminal Procedure 588 provides an adequate post-deprivation remedy."). Plaintiffs have failed to provide evidence that these procedures were "absolutely blocked." Their failure to pursue such remedies precludes them from a procedural due process claim in federal court. Plaintiffs' procedural due process claim will be dismissed.

*C. Substantive Due Process*

In order to make out a substantive due process claim, plaintiffs must "prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008). "[O]nly the most egregious official conduct" shocks the conscience. *Id.* (citations omitted).

In analyzing substantive due process claims, the Supreme Court has held that "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the

more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal quotations omitted) (citing *Graham v. Connor*, 490 U.S. 386, 295 (1989)).

Other courts have held that if there is a seizure of property where the Fourth Amendment adequately addresses the issue, no substantive due process claim is available. *Barshinger v. Buffington*, 2004 U.S. Dist. LEXIS 28929, *27 (M.D. Pa. 2004) (Conner, J) (holding "Plaintiffs' argument that the allegedly unlawful seizure . . . fall[s] within the substantive due process rubric cannot succeed.  Not only do[es] the Fourth . . . Amendment[ ] provide [a basis] for plaintiffs' causes of action; plaintiffs have actually invoked those protections in this case."); *Pierre v. Warrick*, 2007 U.S. Dist. LEXIS 11838, *18 (M.D. Pa. 2007) (Jones, J) ("[B]ecause the alleged seizures of Plaintiff's person and money are covered by the Fourth Amendment, we analyze them in light of the Fourth Amendment, rather than Fourteenth Amendment, jurisprudence").  Plaintiffs allege defendant unlawfully seized their property when he confiscated the Little League pins.  This type of conduct is precisely what the Fourth Amendment protects against.  U.S. Const. amend. IV (protecting against "unreasonable searches and seizures").  Plaintiffs' claim may be fully remedied under the Fourth Amendment.  Their substantive due process claim will be dismissed.

### D. Qualified Immunity

Qualified immunity protects government officials from civil liability insofar as their conduct does not violate clearly established constitutional rights of which a

reasonable person would have known. *Ray v. Twp. of Warren*, 626 F.3d 170, 173 (3d Cir. 2010) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). Courts conduct a two-step analysis for a qualified immunity defense: whether law enforcement's acts violated a constitutional right, and if they did, whether that right was clearly established at the time. *Mierzwa v. United States*, 282 F.App'x 973, 978 (3d Cir. 2008) (citing *Yarris v. County of Del.*, 465 F.3d 129, 140-41 (3d Cir. 2006)). A constitutional right is "clearly established" when the "contours of the right [are] sufficiently clear that a reasonable officer would understand that what he is doing violates that right." *Womack v. Smith*, No. 06-CV-2348, 2009 WL 5214966, at *4 (M.D. Pa. Dec. 29, 2009) (Conner, J) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034 (1987)). "Although qualified immunity is generally a question of law and should be considered at the earliest possible state, a genuine issue of material fact may preclude" dismissal on qualified immunity. *Zimmerman v. Schaeffer*, 654 F.Supp.2d 226, 252 (M.D. Pa. 2009) (Rambo, J) (citing *Curley v. Klem,* 298 F.3d 271, 278 (3d Cir. 2002). The Supreme Court eliminated the rigid two-step test required by *Saucier v. Katz,* 533 U.S. 194 (2001) and held that a court may choose which prong of the analysis to examine first. *Pearson,* 555 U.S. 223, 231.

      In the present case, plaintiffs allege a Fourth Amendment violation, meeting the first step in the qualified immunity analysis. Plaintiffs contend that defendant illegally seized the pins at issue. The facts leading up to the seizure of the pin are in dispute. As discussed in Section III A, there is a discrepancy between Ferguson's account of what he told police and what defendant put in his hot sheet and discussed with Agent Sorage.

This creates a genuine issue of material fact and precludes summary judgment on this claim.

### E. Punitive Damages

Punitive damages may be awarded in civil rights cases "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Punitive damages are meant to punish a defendant for willful or malicious conduct and to deter others from engaging in similar behavior. *Allah v. Al-Hafeez*, 226 F.3d 247, 252 (3d Cir. 2000).

The facts leading up to the seizure of plaintiffs' property are in dispute, creating genuine issues of material fact. Plaintiff's contention that defendant fabricated a complaint in order to violate plaintiffs' Fourth Amendment rights precludes dismissal of this claim. The defendant's request to dismiss the claim for punitive damages will be denied.

### F. State Law Invasion of Privacy

Plaintiffs voluntarily withdrew their invasion of privacy claim. (doc. 44, pg. 20.) Defendant's motion for summary judgment on this claim will be denied as moot.

### G. State Law Conversion

"Conversion is the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification." *Francis Bernhardt III, PC v. Needleman*, 705 A.2d 875. 878 (Pa. Super. 1997).

9

Defendant asserts that when confiscating the pins, he reasonably relied on advice from ADA Osokow, who indicated he would approve charges against plaintiffs. (doc. 34, pg. 22). The facts leading up to defendant's discussion with ADA Osokow are in dispute. Defendant also argues that plaintiffs consented to the seizure. *Id.* Plaintiffs argue they agreed to turn over the pins to the defendant in order to avoid being arrested and having criminal charges brought against them. (doc. 42, ¶ 14-15.) Defendant contends that he did not threaten to charge plaintiffs. (doc. 31-1, Exhibit B, pg. 24.)

Examining the evidence in the light most favorable to the plaintiffs, a reasonable jury might find that defendant's seizure of the pins was the deprivation of plaintiffs' property without consent or lawful justification. Defendant's motion to dismiss the state law conversion claim is denied.

*H. State Law Replevin*

Defendant seeks to dismiss plaintiffs' claim of replevin. Replevin is "a legal form of action ordinarily employed only to recover possession or the value of specific personal property unlawfully withheld from the plaintiff plus damages for its detention." *Brandt v. Hershey*, 182 A.2d 219, 221 (Pa. Super. 1962) (citation omitted). There are factual disputes regarding the circumstances prior to of the seizure of the pins. Summary judgment is not warranted on this claim.

*IV. Conclusion*

We will grant defendant's motion for summary judgment on plaintiffs' procedural due process and substantive due process claims and deny defendant's motion for summary judgment on all other claims. An appropriate order will issue.


/s/ William W Caldwell
William W. Caldwell
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY SHREY, :
JANETE SHREY, :
    Plaintiffs :
:
v. : CIVIL NO. 4:10-CV-1420
:
RAYMOND KONTZ III, :
    Defendant :

*O P I N I O N*

AND NOW, this 14th day of October, 2011, upon consideration of defendant's motion for summary judgment (doc. 30) filed July 15, 2011 and plaintiffs' response (doc. 44) filed August 19, 2011, and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendant's motion for summary judgment on counts II and III of plaintiffs' complaint is granted.

    2. Defendant's motion for summary judgment on count IV of plaintiffs' complaint is denied as MOOT.

    3. Defendant's motion for summary judgment on counts I, V, and VI of plaintiffs' complaint is denied.

    4. Defendant's request for qualified immunity is denied.

                                 /s/William W. Caldwell
                                 William W. Caldwell
                                 United States District Judge