IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY SHREY and JANETE SHREY, : No: 4:10-CV-01420
      Plaintiffs :
       :
v. : CIVIL ACTION - LAW
       :
RAYMOND KONTZ III, : JURY TRIAL DEMANDED
      Defendant :

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE

As the Court observed in its October 14, 2011, Opinion and Order on the Defendant's Motion for Summary Judgement (Docket No. 50):

The events leading up to the Defendant's seizure of the property are in dispute and create a genuine issue of material fact. Specifically, there is conflicting evidence about what information James Ferguson gave the Williamsport Police when he notified them about the pins. The hot sheet created by Defendant indicated "our department has been contacted by Little League International about this pin as it is using the Little League logo without permission". (Doc. 46, Exhibit L). This indicates that Ferguson was concerned about the use of the Little League logo. Defendant asked Agent Sorage for assistance in the matter, telling him the unauthorized use of the Little League logo was the issue Ferguson complained about. (Doc. 42, Par 7.) Ferguson however testified that "contacted the Williamsport Police Department because [the pin] also had their logo on it." (Doc. 31, Exhibit "A" pg. 5.) He was concerned "about pedophiles coming in with some kind of identification that would look like a badge to show a child." (Doc. 31, Exhibit "A" pg. 6.) Ferguson's testimony suggests that he contacted the Williamsport Police Department because he was concerned about the use of the police logo, not the use of the Little League logo.

As the Court correctly and succinctly described, the dispute in this case relates to whether or not Little League International made a complaint to the Williamsport Police Department regarding the Plaintiffs' use of the Little League logo without Little League's permission.

-1-

However, Defense counsel has indicated an intention to question Plaintiffs regarding their use of trademarks, logos and the like on other pins they have created. Such questions are simply not relevant because they do not have any tendency to make a fact more or less probable then it would be without the evidence; and this fact is not of consequence in determining this action.  Fed. R. Evid. 401.  Moreover, the questioning is tantamount to an effort by Defense Counsel to attempt to impune the Plaintiffs' character in violation of Fed. R. Evid. 404.  Furthermore, the questioning of Plaintiffs regarding the practice of creating Little League pins and how it is determined whether it is necessary to obtain permission for creating certain images would unfairly prejudice the Plaintiffs, confuse the issues, mislead the jury, cause undo delay, and waste time for the presentation of evidence related to the issue of determining when it is appropriate to obtain permission to use a trademark or logo when this factual issue is not even part of the case.

The <u>only</u> factual issue in the case relate to the authorized or unauthorized use of an image is the question of whether Little League International did in fact make a complaint to the Defendant regarding the Plaintiffs use of the Little League logo on the Williamsport Police badge souvenir Little League pin which is the subject of this lawsuit.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an Order granting their Motion in Limine and directing the Defendants not to make inquiries of Plaintiffs or introduce any evidence regarding the use of trademarks or logos on pins

created by Plaintiffs other than the Williamsport Police badge Little League souvenir pin which is the subject of this lawsuit.

                                    **SCHEMERY ZICOLELLO**

                                    By:   s/Michael J. Zicolello
                                            Michael J. Zicolello
                                            I.D. #65522
                                            Attorney for Plaintiffs

333 Market Street
Williamsport, PA 17701
Telephone: (570) 321-7554
Facsimile: (570) 321-7845
Email: mike@sz-law.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY SHREY and JANETE SHREY, : | | No: 4:10-CV-01420 |
| Plaintiffs : | | |
| : | | |
| v. : | | CIVIL ACTION - LAW |
| : | | |
| RAYMOND KONTZ III, : | | JURY TRIAL DEMANDED |
| Defendant : | | |

## CERTIFICATE OF SERVICE

I, Michael J. Zicolello, hereby certifies that a copy of the foregoing Brief in Support of Plaintiffs' Motion in Limine has been served upon the following individual and in the manner indicated below on this 17th day of April, 2012:

**VIA ELECTRONIC MAIL**

David J. MacMain, Esquire
Lamb McErlane, P.C.
24 East Market Street, Box 565
West Chester, PA 19381-0565

**SCHEMERY ZICOLELLO**

By: s/Michael J. Zicolello
    Michael J. Zicolello
    I.D. #65522
    Attorney for Plaintiff

333 Market Street
Williamsport, PA 17701
Telephone: (570) 321-7554
Facsimile: (570) 321-7845
Email: mike@sz-law.com